**ROD UNDERHILL**
State Bar No. 96025
P.O. Box 1238
Julian, CA 92036
Tel: (619) 540-0631
Email: MP3Rod@aol.com

In Propria Persona

FILED
JUN 2 3 2016
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                   DEPUTY

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

Rod Underhill

Plaintiff,

v.

Daniel P. Murphy, and Steven Kornblum

Defendants.

NO. **16CV1598 AJB WVG**

**PLAINTIFF'S COMPLAINT FOR DAMAGES RESULTING FROM:**

1. **VIOLATION OF STORED COMMUNICATIONS ACT**
2. **VIOLATION OF WIRETAP ACT**
3. **VIOLATION OF CALIFORNIA COMPREHENSIVE DATA ACCESS AND FRAUD ACT**
4. **VIOLATION OF CALIFORNIA INVASION OF PRIVACY ACT**

**JURY TRIAL DEMANDED**

## PARTIES

1. Plaintiff Rod Underhill, at all times relevant, is and was an individual residing in San Diego County, with an address of 2245 Highway 78, Julian, California.

2. Upon information and belief, at all times relevant, Defendant Daniel P. Murphy is and was an individual residing in San Diego County in the city of Coronado, California.

3. Upon information and belief, at all times relevant, Defendant Steven Kornblum is and was an individual residing in Los Angeles County, in the city of Los Angeles.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331. The Court has supplemental jurisdiction over the state law and common law claims under 28 U.S.C. §1367(a).

5. This Court has personal jurisdiction over Defendant Daniel P. Murphy by virtue of the fact that he was, at all relevant times mentioned herein, a resident of the County of San Diego, California and committed the tortious acts mentioned herein within the County of San Diego, California. This Court has personal jurisdiction over Defendant Steven Kornblum in that he has committed the tortious acts mentioned herein within the County of San Diego, California. Plaintiff reserves under FRCP 15 to amend this complaint before trial to add newly discovered defendants.

6. Venue is proper in this District pursuant to 28 U.S.C § 1391.

## FACTS COMMON TO THE COUNTS

7. The Plaintiff is a member of the State Bar of California and admitted to practice before the Supreme Court of California and the Federal District Court of Southern California. The Plaintiff has possessed and maintained the e-mail address of MP3Rod@aol.com, as provided by the America Online Corporation for a period exceeding twenty years.

8. Upon information and believe, the Defendants, and each of them, "hacked" the MP3Rod@aol.com account over a period of more than four years, including "hacking" the MP3Rod@aol.com account during the year 2016. The Defendants used personally identifiable information unlawfully obtained and or unlawfully used to gain access to the MP3Rod@aol.com account, as well as technological means, to obtain unlawful access to privileged communications between the Plaintiff and his own personal legal counsel, as well as to obtain unlawful access to

other confidential and privileged communications and documents. Further, the Defendants unlawfully used their illegal access to the MP3Rod@aol.com account to set up a "filter," whereby certain unique keywords were established so that the Defendants could more easily locate specific confidential and privileged communications and documents they wished to obtain access to and possession of. This "filter," when automatically activated, was set to send an alert to a mobile telephone number within the Defendants' sole possession and control. The specific keywords were words unique to the Defendants and identify the Defendants as the only people who would use such keywords. These specific keywords were embedded into Plaintiff's email control system and sought out specific confidential and privileged information and files that only the Defendants would have any interest in obtaining. The MP3Rod@aol.com e-mail account was regularly and consistently unlawfully invaded by the Defendants, including from a location in Los Angeles, California, where Defendant Kornblum resided and Defendant Murphy would visit.

9. Defendant Kornblum is a software engineer with considerable experience and training in the following technological skills: PHP, MySQL, Web Development, CSS, JavaScript, AJAX, jQuery, XML, CMS, XHTML, Databases, Perl, HTML, SEO, Agile Methdologies, JSON, Shell Scripting, Open Source, ISS, SOAP, Node.JS, Drupal, Bash, MVC, and MondDB, and as such, possessed the abilities to serve as the primary "hacker" for the Defendant's conspiracy.

The Defendants, and each of them, also "hacked" into Plaintiff's personal Facebook account, and other online accounts, exclusively and solely owned by Plaintiff.

### FIRST CAUSE OF ACTION
### (Stored Communications Act)

10. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

11. The ECPA broadly defines an "electronic communication" as "any transfer of signs, signals, writing, images, sounds, data, or intelligence of any nature transmitted on whole or in part by a

3

wire, radio, electromagnetic, photoelectric or photo optical system that affects interstate or foreign commerce..." 18 U.S.C. § 2510(12). The Stored Communications Act (the "SCA") incorporates this definition.

12. The SCA mandates, among other things, that it is unlawful for a person to obtain access to stored communications on another's computer system without authorization. 18 U.S.C. § 2701.

13. Congress expressly included provisions in the SCA to address this issue so as to prevent "unauthorized persons deliberately gaining access to, and sometimes tampering with, electronic or wire communications that are not intended to be available to the public." Senate Report No. 99-541, S. REP. 99-541, 35, 1986 U.S.C.C.A.N. 3555,3589.

14. The Defendants violated 18 U.S.C. § 2701(a)(1) because they intentionally accessed the Plaintiff's email communications without authorization and obtained, altered, or prevented authorized access to a wire or electronic communication while in electronic storage by hacking into the Plaintiff's email account and, once obtaining access without the consent of the Plaintiff, obtaining the content of email communications in electronic storage on America Online servers. The contents hacked into by the Defendants included email and files that were legally privileged under State and Federal law in that they were attorney-client communications and related files.

15. As a result on the Defendant's conduct described herein and their violation of 18 U.S.C. § 2701, the Plaintiff has suffered injuries. Plaintiff seeks an order enjoining Defendant's conduct described herein and awarding the Plaintiff the maximum statutory and punitive damages available under 18 U.S.C. § 2707.

## SECOND CAUSE OF ACTION

**(Wiretap Act)**

16. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.

17. The Electronic Communications Privacy Act of 1986, 18 U.S.C § 2510, referred to as "ECPA," regulated wire and electronic communications and interception and interception of oral communications and makes it unlawful for a person to "willfully intercept, endeavor to intercept, or procure any other person to intercept or endeavor to intercept, any wire, oral, or electronic communication" within the meaning of 18 U.S.C. § 2511(1). Defendant Daniel P. Murphy did procure the "hacking" services of Defendant Steven Kornblum for the purpose of violating 18 U.S.C. § 2511(1). The product of such "hacking," which included provision of confidential and privileged communications, were provided to persons currently unknown to Plaintiff who knowingly received such communications in further violation of 18 U.S.C. § 2511(1) and other federal and state laws as mentioned herein and Plaintiff reserves to the move under FRCP 15 to amend the complaint before trial to add newly discovered defendants.

18. The Defendants, and each of them, violated 18 U.S.C. § 2511 by intentionally acquiring and/or intercepting, by device or otherwise, Plaintiff's electronic communications, without knowledge, consent or authorization. Such communications were confidential and legally privileged under federal and state law. Such communications were also unlawfully accessed and used, and voluntarily disclosed, and knowingly received as the product of the violation of federal and state law, by persons currently unknown to Plaintiff, and Plaintiff reserve the right to move under FRCP 15 to amend the complaint before trial to add such newly discovered defendants.

19. The ECPA provides a civil cause of action to "any person whose wire, oral or electronic communication is intercepted, disclosed or intentionally used" in violation of the ECPA.

20. Plaintiff therefore seeks a remedy as provided by 18 U.S.C. § 2520, including such preliminary and other equitable or declaratory relief as may be appropriate, damages consistent with subsection (c) of that section to be proven at trial, punitive

1  damages to be proven at trial, and all attorney's fees and other litigation costs
2  reasonably incurred.
3  21. Plaintiff has additionally suffered loss by reason of these violations, including, without
4  limitation, violation of the right of privacy.
5  22. Plaintiff, pursuant to 18 U.S.C. § 2520, is entitled to
6
7  preliminary, equitable, and declaratory relief, in addition to statutory damages of
8  the greater of $10,000 or $100 a day for each day of violation, actual and punitive
9  damages, and reasonable attorneys' fees. Unless restrained and enjoined, Defendants will
10 continue to commit such acts. Plaintiffs' remedy at law is not adequate to
11 compensate him for these inflicted and threatened injuries, entitling Plaintiff to
12
13 remedies including injunctive relief as provided by 18 U.S.C. § 2510.

### THIRD CAUSE OF ACTION

### (California Comprehensive Data Access and Fraud Act)

16 23. Plaintiff incorporates each of the foregoing allegations as if fully set forth herein.
17 24. Defendants, and each of them, violated the California Comprehensive Data Access and
18 Fraud Act, Cal. Penal Code 502, referred to as "CCCL" by knowingly and without permission
19
20 accessing, taking and using Plaintiff's personally identifiable information.
21 25. Defendants accessed, copied, made use of, interfered with, and/or altered data belonging to
22 the Plaintiff in and from the State of California.
23 26. Cal. Penal Code § 502 provides: "For purposes of bringing a civil or a
24 criminal action under this section, a person who causes, by any means, the access
25
26 of a computer, computer system, or computer network in one jurisdiction from
27 another jurisdiction is deemed to have personally accessed the computer, computer
28 system, or computer network in each jurisdiction.

27. Defendants have violated California Penal Code § 502(c)(1) by knowingly and without permission altering, accessing, and making use of Plaintiff's personally identifiable data in order to execute a scheme by which they could obtain access to privileged communication between Plaintiff and his personal legal counsel, thereby depriving them of the value of their personally identifiable data.

28. Defendants have violated California Penal Code § 502(c)(6) by knowingly and without permission providing, or assisting in providing, a means of accessing Plaintiffs' computer systems and/or computer networks.

29. Defendants have violated California Penal Code § 502(c)(7) by knowingly and without permission accessing, or causing to be accessed, Plaintiffs' computer systems, email accounts and/or computer networks.

30. Pursuant to California Penal Code § 502(b)(10) a "Computer contaminant" is defined as "any set of computer instructions that are designed to ... record, or transmit information within computer, computer system, or computer network without the intent or permission of the owner of the information."

31. Defendants have violated California Penal Code § 502(6)(8) by Knowingly and without permission introducing a computer contaminant into the Plaintiff's email system through the addition of a "filter" designed to alert the Defendant's to certain key privileged communications and privileged files so the Defendants could more easily obtain them.

32. As a direct and proximate result of Defendants' unlawful conduct within the meaning of California Penal Code § 502, Defendants have caused loss to Plaintiff in an amount to be proven at trial. Plaintiff

1  is also entitled to recover their reasonable attorneys' fees
2  pursuant to California Penal Code § 502(e).
3  33. Plaintiff seeks compensatory damages, in an
4  amount to be proven at trial, and injunctive or other equitable relief.
5  34. Plaintiff has suffered irreparable harm and
6
7  injuries from Defendants' violations. The harm will continue unless Defendants are
8  enjoined from further violations of this section. Plaintiff has
9  no adequate remedy at law.
10 35. Plaintiff seeks compensatory damages, in an
11 amount to be proven at trial, and injunctive or other equitable relief.
12
13 37. Plaintiff is entitled to punitive or exemplary
14 damages pursuant to Cal. Penal Code § 502(e)(4) because Defendants' violations
15 were willful and, upon information and belief, Defendants is are guilty of oppression,
16 fraud, or malice as defined in Cal. Civil Code § 3294.
17 38. Plaintiff has also suffered irreparable injury
18 from these unauthorized acts of disclosure, to wit: all of their personal, private, privileged and
19
20 sensitive email communications have been harvested, viewed, accessed, stored, and
21 used by Defendants, and have not been destroyed, and due to the continuing threat
22 of such injury, have no adequate remedy at law, Plaintiff is entitled to injunctive relief.
23 **FOURTH CAUSE OF ACTION**
24 **(California Invasion of Privacy Act)**
25 39. Plaintiff incorporates all preceding paragraphs as though set forth herein.
26
27 40. California Penal Code § 631(a) provides, in pertinent part:
28 Any person who ... willfully and without the consent of all parties

1 to the communication, or in any unauthorized manner, reads, or
2 attempts to read, or to learn the contents or meaning of any message,
3 report, or communication while the same is in transit or passing over
4 any wire, line, or cable, or is being sent from, or received at any place
5 within this state; or who uses, or attempts to use, in any manner, or for
6
7 any purpose, or to communicate in any way, any information so
8 obtained, or who aids, agrees with, employs, or conspires with any
9 person or persons to lawfully do, or permit, or cause to be done any of
10 the acts or things mentioned above in this section, is punishable by a
11 fine not exceeding two thousand five hundred dollars ...
12
13 41. At all relevant times, Defendants'
14 interception, invasion and collection of Plaintiff's personally identifiable information, data,
15 including emails and documents that were legally privileged in nature, was without authorization
16 and consent, including but not limited to, obtaining any and all communications.
17 41. Communications from the California based attorneys to Plaintiff
18 were sent from California. Communications to the California
19
20 based attorneys from Plaintiffs were sent to California.
21 Plaintiff did not consent to any of Defendant's actions in
22 intercepting, reading, and/or learning the contents of their communications with
23 such California-based attorneys.
24 42. Plaintiff did not consent to any of the
25 Defendant's actions in using the contents of their communications with such California-based
26
27 attorneys.
28 43. The actions of Defendants alleged herein were not undertaken with

9

respect to any telephonic communication system used for communication exclusively within a state, county, city and county, or city correctional facility or otherwise authorized by law.

44. Wherefore the Plaintiff seeks damages and injunctive relief

## PRAYER FOR RELIEF

Plaintiff prays for the following:

1. A declaration that Defendant's actions, as described herein, violate the claims outlined above;

2. An award of injunctive and equitable relief as is necessary to protect the interests of the Plaintiff, including, inter alia, an order prohibiting Defendants from engaging in wrongful and unlawful acts described herein;

3. An award of damages, including statutory damages where applicable, to Plaintiff in an amount to be determined at trial;

4. An award of restitution for all money to which Plaintiff is entitled in equity;

5. An award to Plaintiff of pre- and post-judgment interest, to the extent allowable; and

6. Any and all other relief as equity and justice may require.

JURY TRIAL DEMANDED

Plaintiff demands a trial by jury for all issues so triable.

Dated: June 21, 2016

Rod Underhill

|   | Attorney in propria persona |
|---|---|
| 1 | Email: MP3Rod@aol.com |

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28