Eugene P. Sands, State Bar No. 171504
Carter Sands, LLP
24025 Park Sorrento, Suite 280
Calabasas, CA 91302
Tel: (818) 914-5585
Fax: (818) 473-4230

Attorneys for Defendant Daniel P. Murphy

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROD UNDERHILL, | CASE NO.: 16 CV 1598 AJB WVG |
| Plaintiff, | Judge: Hon. Jacqueline Nguyen |
| vs. | ANSWER TO THE COMPLAINT |
| DANIEL P. MURPHY and STEVEN KORNBLUM | |
| Defendants. | |

Defendant DANIEL P. MURPHY ("Defendant") answers the Complaint of Plaintiff Rod Underhill ("Plaintiff") follows:

1. Defendant admits the allegations contained in paragraph 1 of the Complaint.

2. Defendant admits the allegations contained in paragraph 2 of the Complaint.

3. Defendant lacks knowledge or information sufficient to enable

him to form a belief as to the truth of the allegations in paragraph 3 of the Complaint, and based thereon denies each and every allegation of paragraph 3 of the Complaint.

4. Defendant lacks knowledge or information sufficient to enable him to form a belief as to the truth of the allegations in paragraph 4 of the Complaint, and based thereon denies each and every allegation of paragraph 4 of the Complaint.

5. Defendant lacks knowledge or information sufficient to enable him to form a belief as to the truth of the allegations in paragraph 5 of the Complaint, except that Defendant is a resident of the County of San Diego and based thereon denies all other allegations of paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to enable him to form a belief as to the truth of the allegations in paragraph 6 of the Complaint, except that Defendant is a resident of the County of San Diego and based thereon denies all other allegations of paragraph 6 of the Complaint.

7. Defendant lacks knowledge or information sufficient to enable him to form a belief as to the truth of the allegations in paragraph 7 of the Complaint, and based thereon denies all the allegations of paragraph 7 of the Complaint.

8. Defendant denies each and every allegation of paragraph 8 of the Complaint.

9. Defendant denies each and every allegation of paragraph 9 of the Complaint.

10. Defendant incorporates its responses to the allegations in

paragraphs 1 through 9 of the Complaint as if fully set forth herein.

11. Defendant admits that 18 U.S.C. § 2510 (12) states what it states.

12. Defendant admits that 18 U.S.C. § 2701 states what it states.

13. Defendant admits that Senate Report No. 99-541, S. REP. 99-54, 35 1986 U.S.C.C.A.N 3555, 3589 states what it states.

14. Defendant denies each and every allegation of paragraph 14 of the Complaint.

15. Defendant denies each and every allegation of paragraph 15 of the Complaint.

16. Defendant incorporates its responses to the allegations in paragraphs 1 through 15 of the Complaint as if fully set forth herein.

17. Defendant denies each and every allegation of paragraph 17 of the Complaint, except that he admits that 18 U.S.C. §§ 2510 and 2511(1) state what they state.

18. Defendant denies each and every allegation of paragraph 18 of the Complaint.

19. Defendant admits that 18 U.S.C. § 2520 states what it states.

20. Defendant denies each and every allegation of paragraph 20 of the Complaint.

21. Defendant denies each and every allegation of paragraph 21 of the Complaint.

22. Defendant denies each and every allegation of paragraph 22 of the Complaint.

23. Defendant incorporates its responses to the allegations in paragraphs 1 through 22 of the Complaint as if fully set forth herein.

24. Defendant denies each and every allegation of paragraph 24 of the Complaint.

25. Defendant denies each and every allegation of paragraph 25 of the Complaint.

26. Defendant admits that California Penal Code § 502 states what it states.

27. Defendant denies each and every allegation of paragraph 27 of the Complaint.

28. Defendant denies each and every allegation of paragraph 28 of the Complaint.

29. Defendant denies each and every allegation of paragraph 29 of the Complaint.

30. Defendant admits that California Penal Code § 502 states what it states.

31. Defendant denies each and every allegation of paragraph 31 of the Complaint.

32. Defendant denies each and every allegation of paragraph 32 of the

Complaint.

33. Defendant denies each and every allegation of paragraph 33 of the Complaint.

34. Defendant denies each and every allegation of paragraph 35 of the Complaint.

35. Defendant denies each and every allegation of paragraph 35 of the Complaint.

36. Defendant denies each and every allegation of paragraph 37 of the Complaint.

37. Defendant denies each and every allegation of paragraph 38 of the Complaint.

38. Defendant incorporates its responses to the allegations in paragraphs 1 through 38 of the Complaint as if fully set forth herein.

39. Defendant admits that California Penal Code § 631(a) states what it states.

40. Defendant denies each and every allegation of paragraph 41 of the Complaint.

41. Defendant denies each and every allegation of paragraph 42 of the Complaint.

42. Defendant denies each and every allegation of paragraph 43 of the Complaint.

43. Defendant denies each and every allegation of paragraph 44 of the Complaint.

44. Defendant denies each and every allegation of paragraph 43 of the Complaint.

Affirmative Defenses

1. Plaintiff's claims are barred by the doctrine of laches.

2. Plaintiff's claims are barred by his unclean hands.

3. Plaintiff's claims are barred by the statute of limitations. including but not limited to 18 U.S.C. § 2520.

4. The fourth cause of action for violation of California Penal Code section 631 fails to state a cause of action.

5. Plaintiff's claims are barred by the doctrines of waiver and estoppel. From July 10, 2010 until his termination on June 30, 2012, Plaintiff was the Chief Technology Officer of Eardish Corporation. In connection with a settlement of post-employment litigation between Plaintiff and Eardish Corporation, Plaintiff voluntarily provided the company with what he represented was a full and complete copy of all of his Eardish emails, in excess of 6000 pages, which included communications from MP3Rod@aol.com account and he also returned a company owned iMAC, which contained additional communications and documents on its hard drive.

Dated: July 20, 2016                    Carter Sands, LLP

                                        By: _____
                                            Eugene P. Sands
                                            Attorneys for Defendants
                                            DANIEL P. MURPHY